STEVENS *et al. v.* FLOWERS LUMBER COMPANY.

BECK, J. Even if the rulings of the trial judge on the question of admissibility of evidence were erroneous, the error was not of such a character, under the facts and the pleadings in the case, as to work a reversal of the judgment of the court below, granting the injunction prayed for by the petitioner and refusing the application for injunction sought in the cross-bill of the defendant and the intervenors in the court below.

*Judgment affirmed. All the Justices concur.*

Argued February 12,—Decided August 14, 1909.

Injunction. Before Judge Worrill. Miller superior court. January 4, 1909.

Flowers Lumber Company filed a petition in the superior court of Miller county against A. H. Stevens and Howard Alexander, asking that Stevens be enjoined from cutting and removing any of the pine timber suitable for sawmill purposes from any of the lands described, and that Alexander be enjoined from sawing into lumber any of the timber from said lands; it being alleged that Stevens and Alexander had entered into a contract whereby the latter was to build a sawmill on or near the lands described, and Stevens was to cut and haul the timber to this mill, and the two were to divide between them the lumber when so manufactured. The Lumber Company claimed title to the timber in question, under a timber deed or lease from defendant Stevens. Trudy Prior McCullough, Nancy Matilda Eason, J. A. Stevens, and Lucy L. Stevens, the wife of A. H. Stevens, intervened and joined with A. H. Stevens in a cross-application to enjoin Flowers Lumber Company from cutting and removing any of the timber in question; the intervenors setting up their respective claims of title to the lands referred to, each claiming under a deed from A. H. Stevens. The court granted the injunction against A. H. Stevens and Howard Alexander, as prayed for in the original petition, and refused the cross-application to enjoin Flowers Lumber Company. A. H. Stevens and the intervenors excepted to these orders; and further excepted to the court's rulings in admitting an affidavit of R. B. Bush to show the defendant's insolvency, and in excluding an affidavit of W. W. Johnson, offered for the purpose of impeaching the testimony of J. F. Bush, a witness for the plaintiff.

*W. I. Geer* and *Glessner & Park,* for plaintiffs in error.

*J. R. Pottle,* contra.